UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In Re:                                              Chapter 11

        MARCO'S PIZZA OF N.Y., CORP.,      Case No. 25-10468-jpm

                        Debtor.
----------------------------------------------------------X

## CERTIFICATION OF MIRASH DEDVUKA PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

Mirash Dedvuka, certifies under penalty of perjury as follows:

1.     I am the president and sole shareholder of Marco's Pizza of N.Y. Corp. , the debtor and debtor-in–possession herein (the "Debtor"), and am fully familiar with the facts set forth herein. This certification is submitted pursuant to Rule 1007-2 of the Local Bankruptcy Rules of this Court.

2.     On March 13, 2025 (the "Filing Date"), the Debtor filed a voluntary Chapter 11 Petition pursuant to Subchapter V of Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code")

**Background (Local Rule 1007-2(a)(1))**

3.     The Debtor is a New York State corporation engaged in the business of being the lessee of the ground floor and basement space at 145 East 49th Street, New York, New York (the "Premises"). The Debtor's landlord is 145 East 49th St L.L.C. (the "Landlord").

4.     Josulianaa. Inc., which also filed a petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code on March 13, 2025, is a New York State corporation that operates a restaurant named La Bellezza Pizzeria (the "Pat the Premises. The president and sole shareholder of Josulianaa. Inc. is Diana Mirdita-Dedvukaj, who is my daughter-in-law.

5.     The Debtor entered into a lease with the Landlord in 1999. The Debtor began

operating the Pizzeria in 1999[1]. The Debtor was impacted particularly hard by the Pandemic when businesses in New York City were shut down. As a result, the Debtor fell behind in remitting rent payments to the Landlord. This eventually led to the Landlord's commencement of an action for eviction in the Civil Court of the City of New York, New York County, Part 52 entitled <u>145 East 49th St L.L.C.  v. Marco's Pizza of N.Y. Corp. t/a  La Bellezza Pizzeria </u>(Index No. L&T 312851/22).

6. The Debtor and the Landlord were able to enter into a stipulation of settlement with the Landlord, dated October 13, 2022 (the "Stipulation"), a copy of which is annexed hereto as **Exhibit "A"**.

7. The Stipulation provides that the Debtor "consents to the issuance of a final holdover judgment of possession and a money judgment in the amount of $681,123.68 (the "Arrears"), together with the issuance of a warrant of eviction, the execution thereof to be stayed through and including October 1, 2025, subject to Respondent's compliance with the terms and provisions of this Stipulation." (Stipulation ¶4)

5. The Stipulation further provides that provided that the Debtor complies with the terms and provisions of this Stipulation, the Landlord agrees to accept the sum of $300,000.00 in full satisfaction of the Arrears, payable as follows:

    a. Upon Respondent's execution of this Stipulation $75,000.00

    b. On or before October 1, 2023: $ 75,000.00

    c. On or before October 1, 2024: $ 75,000.00

    d. On or before October 1, 2025: $ 75,000.00 (Stipulation ¶5).

---

[1] Josulianaa. Inc. has operated the Pizzeria since 2022.

6. The Stipulation further provides that:

> During the period of the stay, Respondent further agrees to pay monthly use and occupancy to Petitioner, on the first (1st) day of each calendar month, in advance, at the following rates, which Landlord and Tenant agree shall be the reasonable value of use and occupancy for the subject premises for the periods set forth:
>
> a. For the period beginning on October 1, 2022 and ending on September 30, 2023, $7,000.00 monthly;
>
> b. For the period beginning on October 1, 2023 and ending on September 30, 2024, $8,000.00 monthly; and
>
> c. For the period beginning on October 1, 2024 and ending on September 30, 2025, $9,000.00 monthly. (Stipulation ¶6).

All payments made under the Stipulation will be applied "first to current use and occupancy, and then to arrears." (Stipulation ¶7).

7. The Stipulation further provides that:

> Respondent acknowledges that it must diligently prosecute to conclusion the venting installation pursuant to all applicable provisions of the lease pursuant to which Respondent took possession of the subject premises. Tenant's failure to conclude the venting work in accordance with this paragraph on or before March 31, 2023, shall be a material breach of this Stipulation. (Stipulation ¶8)

8. The Stipulation further provides that:

> In the event Respondent timely complies with the payment schedule set forth in Paragraph 5 of this Stipulation, the judgment and warrant shall be deemed vacated, this proceeding discontinued, and the subject lease restored to good standing. (Stipulation ¶11).

9. As of September 2024, the Debtor was current with all of the monetary payments required to be made the Landlord under the Stipulation, including the $75,000.00 payment of money required to be made on or before October 2023. Additionally, the Debtor also timely made the second $75,000.00 pursuant to paragraph 5 of the Stipulation.

3

10. As president and sole shareholder of the Debtor, the I have "diligently" attempted to "prosecute the venting installation", however, it has been a difficult process. The Debtor initially retained a contractor to complete all the required ventilation work. The Debtor paid the contractor $65,000.00 for the job who completed all of the requisite interior work. However, because of the Pandemic, the contractor never completed the required exterior work.

11. After the Debtor entered into the Stipulation, I contacted the contractor on numerous occasions and attempted to have him come back to the Premises to complete the exterior work. Since the contractor had been fully paid, I expected him to do the job. However, the contractor did not return, and once he finally contacted me, he demanded that the payment of an additional $65,000.00 to complete the work. The Debtor had been essentially robbed by this individual. However, outside of commencing litigation against the contractor, there was little that the Debtor could do.

12. Thereafter, the Debtor retained Bernard Arias, a registered architect, to complete the "venting" work. Mr. Arias inspected the Premises and advised me that he could not apply for the necessary permits because the back room/extension of the Premises did not have plans filed with the NYC Department of Buildings (the "Buildings Department") which was the responsibility of the Landlord. Mr. Arias could not locate any records in the building department for the backroom/extension of the Premises. Therefore, Mr. Arias declined to do the job because he could not file for permits concerning a space that did not have plans filed with the Buildings Department.

13. On December 12, 2023, I entered into an agreement with Topline NYC, Inc. ("Topline") to install the necessary scaffolding for the venting system. Topline was also waiting for the permits to be issued by the City of New York before installing the scaffolding. On July 18, 2024, I entered into an agreement with A Plus Construction & Management Inc. ("A-Plus") to complete the ventilation work.

14, All of my efforts on behalf of the Debtor were for naught because the Landlord continually ignored the Debtor's repeated requests for it to file plans with the Buildings Department so that it could obtain a certificate of occupancy which was necessary for the Debtor's architects to obtain a permit to do the necessary work.

15. On August 27, 2024, the Landlord served the Debtor with a 10-day notice of default due to an alleged nonmonetary default caused by venting issue and then sought to execute on the warrant. The Civil Court signed an order to show cause on September 16, 2024, staying execution of the warrant of eviction. In the accompanying application, the Debtor sought an order from the Civil Court staying and tolling the September 6, 2024 deadline to cure default under the Stipulation. By decision and order dated September 26, 2024, the Civil Court denied this application stating it lacked the statutory authority to grant the Debtor the injunctive relief it sought. The Debtor filed a notice of appeal of this decision and order, but did not perfect the appeal.

16. On October 29, 2024, the Debtor moved, by order to show cause, in the Civil Court for an order granting a stay pending this appeal and fixing the amount of an undertaking pursuant to CPLR 5519. On November 25, 2024, the Civil Court issued a decision and order denying this application opining that CPLR 5519(d(6)'s automatic stay was not applicable to the relief sought in the application. The Debtor's attorney neither appealed this decision nor sought any further stay with the appellate division

17. On March 4, 2025, a judgment of possession was filed with the Civil Court, and on March 13, 2025 (the "Filing Date"), the Debtor filed this Chapter 11 case to enable the Debtor to continue its business, preserve its property, and adjudicate or resolve its dispute with the Landlord under the auspices of this Court.

**Local Rule 1007-2(a)(2)**

18. This case was not originally commenced under Chapter 7 or Chapter 13.

**Local Rule 1007-2(a)(3)**

19. No committee was organized prior to the Filing Date.

**Local Rule 1007-2(a)(4)**

20. A list containing the names and addresses of what I believe to be the twenty largest unsecured creditors, excluding insiders, has been filed with the Debtor's Chapter 11 Petition.

**Local Rule 1007-2(a)(5)**

21. The Debtor is unaware of there being any secured claims in this case.

**Local Rule 1007-2(a)(6)**

22. An approximate summary of Debtor's assets and liabilities will be set forth in Schedules A, B, D, E and F to the Chapter 11 Petition.

**Local Rule 1007-2(a)(7)**

23. LBR 1007-2(a)(7) is not applicable.

**Local Rule 1007-2(a)(8)**

24. To the best of my knowledge, there is no property of the Debtor in the possession or custody of any public officer, receiver, trustee, pledgee, assignee of rents, liquidator, secured creditor, or agent of any such person.

**Local Rule 1007-2(a)(9)**

25. The Debtor maintains its principal place of business at 145 East 49th Street, New York, New York 10017.

**Local Rule 1007-2(a)(10)**

26. The Debtor's principal assets are located at 145 East 49th Street, New York, New

York 10017.

**Local Rule 1007-2(a)(11)**

27. The Debtor is currently a defendant an action entitled pending in the Civil Court Action.

**Local Rule 1007-2(a)(12)**

28. The Debtor's senior management consists of me.

**Local Rule 1007-2(b)(1)**

29. The estimated amount of payroll due to the Debtor's employees, exclusive of officers, directors, and stockholders, for a period of thirty days following the filing of the petition is $00.

**Local Rule 1007-2(b)(2)**

30. The amount to be paid for services for the next thirty days to officers, directors, stockholders is $00.

**Local Rule 1007-2(b)(3)**

31. The estimated revenues and additional operating expense of the Debtor for the next thirty days are as follows:

    **INCOME**
    Income      $00.00_____

    **EXPENSES**      $00.00_____.

Dated: New York, New York
   March 19, 2025

        Marco's Pizza of N.Y. Corp.
        By: Mirash Dedvuka, as President
        and Sole Shareholder

        By: /S Mirash Dedvuka_____
          Mirash Dedvuka